Form G-3 (20240417)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION      DIVISION**

| | | |
|---|---|---|
| In re: Lakesha R. Steward, | ) | Chapter 7 |
| | ) | |
| | ) | No. 22-14986 |
| | ) | |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

**NOTICE OF MOTION**

TO: See attached list

      PLEASE TAKE NOTICE that on June 3, 2024, at 9:30 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the motion of Deborah k. Ebner, Trustee [to/for] Sell, a copy of which is attached.

      **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

      **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

      **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

      **Meeting ID and passcode.** The meeting ID for this hearing is 161 500 0972, and the passcode is 726993. The meeting ID and passcode can also be found on the judge's page on the court's web site.

      **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

      By: /s/ Ariane Holtschlag

      105 W. Madison Street
      Suite 2300
      Chicago, IL 60602

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag,

☒ an attorney, certify

    - or -

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on May 13, 2024, at 5:00 p.m. *

/s/ Ariane Holtschlag
[Signature]

*All applicable boxes must be checked and all blanks filled in.

*See attached Service List.*

# SERVICE LIST

**Registrants**
(Service via CM/ECF)

| | |
|---|---|
| **Ariane Holtschlag** | aholtschlag@wfactorlaw.com; bsass@wfactorlaw.com; aholtschlag@ecf.courtdrive.com; holtschlagar43923@notify.bestcase.com |
| **Deborah Kanner Ebner** | dkebner@debnertrustee.com, dke@trustesolutions.net; IL53@ecfcbis.com; webmaster@debnertrustee.com; lizd@deborahebnerlaw.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Carolina Y. Sales** | csales@robbinsdimonte.com; mrussell@robbinsdimonte.com; jtronina@robbinsdimonte.com |
| **Gregory K Stern** | greg@gregstern.com; monica@gregstern.com |

**Non-Registrants**
(Service via U.S. Mail)

**Lakesha R. Steward**
3072 Saint Ives Lane
Richton Park, IL 60471

**AT&T**
PO Box 5014
Carol Stream, IL 60197-5014

**Capital One**
Attn: Bankrutpcy
PO Box 30285
Salt Lake City, UT 84130-0285

**Enhanced Recovery Company, LLC**
PO Box 57610
Jacksonville, FL 32241-7610

**Envison**
PO Box 80309
Philadelphia, PA 19101-1309

**Harvey Emergency Physicians LLC**
PO Box 785116
Philadelphia, PA 19178-5116

**Radius Global Solutions LLC**
PO Box 390846
Minneapolis, MN 55439-0846

**Southwest Credit Systems, Inc.**
4120 Internatioal Pkwy., Suite 1100
Carrollton, TX 75007-1958

**Southwest Labratory Physicians**
PO Box 3475
Toledo, OH 43607-0475

**Specialists in Medical Imaging**
PO Box 208828
Dallas, TX 75320-8828

**T-Mobile USA, Inc. (Bankruptcy)**
PO Box 37380
Albuquerque, NM 87176-7380

**Tsujiorka Walker**
c/o Stroller & Garstki
111 North Wabash Avenue, Suite 211
Chicago, IL 60602-2939

**UChicago Medicine - Ingalls Memorial**
1643 Lewish Avenue, Suite 203
Billings, MT 59102-4151

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Lakesha R. Steward,** | Bankruptcy No. 22-14986 |
| Debtor. | Honorable A. Benjamin Goldgar |

## MOTION TO SELL

Deborah K. Ebner, not individually, but solely in her capacity as the chapter 7 trustee (the "*Trustee*"), for the captioned bankruptcy estate (the "*Estate*") of Lakesha R. Steward (the "*Debtor*") pursuant to 11 U.S.C. § 363, requests that the Court enter an order authorizing the sale of the Estate's interest in any and all actions, claims, and demands, to the greatest extent allowed by law, against the Debtor, United Equitable Insurance Company, United Equitable Group, Ltd., or any of their agents or agencies, relating to the motor vehicle collision which occurred on May 23, 2015, and the subsequent litigation related thereto, including the insurance bad faith cause of action, and in support thereof states as follows:

## JURISDICTION

1. The Court has jurisdiction over this motion pursuant to, among other things, 28 U.S.C. § 1334. The consideration of this motion is a core matter under 28 U.S.C. § 157. The statutory basis for the motion is 11 U.S.C. § 363.

## BACKGROUND

2. On December 29, 2022 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, et seq. (the "*Bankruptcy Code*")), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division commencing the above referenced case (the "*Case*").

3. Thereafter, Deborah K. Ebner was appointed as the interim trustee in the Case pursuant 11 U.S.C. § 701 and now serves as the permanent trustee in the Case. The Trustee is duly qualified and has all the powers of a trustee under, among other provisions, 11 U.S.C. § 704.

4. Tsujiorka Walker ("**Walker**") has an injury claim arising out of a motor vehicle collision which occurred on May 23, 2015.

5. The collision on May 23, 2015, caused severe injuries to Walker.

6. To date, Walker has filed the only proof of claim against the Estate in the amount of $1,400,000.00.

7. The Trustee and Walker are pursuing this Assignment and Agreement to prevent abuse of the bankruptcy system by United Equitable Insurance Company, United Equitable Group, Ltd., or any of their agents or agencies (collectively, "**Equitable**"), and in an effort to preserve the Debtor's claims against Equitable based on its bad faith in failing to settle the claims brought by Walker.

8. By this motion, the Trustee seeks authority to sell to Walker on the terms and conditions contained in the agreement attached as **Exhibit 1** and incorporated herein by reference.

### THE SALE TO WALKER SHOULD BE APPROVED

9. Section 363(b)(1) of the Bankruptcy Code empowers a trustee, after notice and a hearing to "use, sell, or lease, other than in the ordinary course of business, property of the estate …" 11 U.S.C. §363(b)(1). The standard for approving a sale of assets pursuant to section 363(b)(1) of the Bankruptcy Code is whether the proposed sale represents an exercise of sound business judgment by the trustee. *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991), citing *Comm. of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2nd Cir. 1983); *In re Eng'g Prods. Co., Inc.*, 121 B.R. 246, 249 (Bankr. E.D. 1990).

10. Courts consider the following factors to determine whether a proposed sale is an exercise of a trustee's sound business judgment: (a) whether a sound business reason exists for the proposed sale; (b) whether fair and reasonable consideration is provided; (c) whether the sale has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice is provided. *In re Eng'g Prods. Co., Inc.*, 121 B.R. 246, 247-49. The proposed Sale satisfies each of these factors.

11. The Trustee is exercising sound business judgment in moving forward with the proposed Sale.

12. Walker is not related to the Debtor.

13. The proposed Sale was negotiated at arm's length and in good faith. In light of the asset being sold here no market exposure is appropriate or required.

## NOTICE

14. Pursuant to Bankruptcy Rule 2002, a hearing on a proposed settlement requires at least 21 days' notice. At least twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel; (iv) the Debtor's creditors as scheduled; and (v) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

15. Trustee requests that the notice given been deemed sufficient under the circumstances.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order authorizing the Trustee to sell the Estate's interest in any and all actions, claims, and demands, to the greatest extent allowed by law, against the Debtor, United Equitable Insurance Company, United Equitable Group, Ltd., or any of their agents or agencies, relating to the motor vehicle collision which occurred on May 23, 2015, and the subsequent litigation related thereto, including the insurance bad faith cause of action to Walker in return for payment of $10,000.00, plus waiver of Walker's

claim against the Estate and indemnification of the Estate against any tax consequences resulting from the transaction and granting such other and further relief as this Court may deem just and appropriate.

Dated: May 13, 2024

**Deborah K. Ebner**, not individually but as the chapter 7 trustee of the bankruptcy estate of Lakesha R. Steward

By: */s/ Ariane Holtschlag*
One of Her Attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 2300
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

4892-4768-5047, v. 1